**CLD-184**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1372
_____

TARIQ WYATT,
                            Appellant

v.

MUNICIPALITY OF COMMONWEALTH OF HARRISBURG; MUNICIPALITY OF
COMMONWEALTH OF MECHANICSBURG; JUDGE JENNIFER P. WILSON, In
their Individual and Official Capacity; JUDGE MARTIN C. CARLSON, In their
Individual and Official Capacity; KIMBERLY A. ADAMS, Esq., In their Individual and
Official Capacity; DAG JONATHAN M BLAKE, In their Individual and Official
Capacity; GOVERNOR TOM WOLFE, In their Individual and Official Capacity; AG
MICHELLE A. HENRY, In their Individual and Official Capacity

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-00509)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 17, 2025

Before: KRAUSE, PHIPPS, and SCIRICA, Circuit Judges

(Opinion filed: August 26, 2025)

_____

OPINION[*]

_____

PER CURIAM

Tariq Wyatt, a Pennsylvania state prisoner, appeals pro se from the District Court's order dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B). We will summarily affirm, with one modification.

I.

Wyatt filed a complaint under 42 U.S.C. § 1983 asserting an access to the courts claim against municipal defendants Harrisburg and Mechanicsburg. Wyatt's claims arise from two different suits he previously filed.[1] According to Wyatt, mail sent to him from the Pennsylvania Attorney General and Department of Corrections (DOC) offices was sent as nonprivileged, rather than privileged, correspondence, in violation of DOC policy.[2] Magistrate Judge Martin C. Carlson's Report and Recommendation (R&R)

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] See Wyatt v. Hauser, et al., 1:22-cv-00092 (defendants' motion for summary judgment granted, appeal pending at C.A. No. 25-1517) & Wyatt v. Mason, et al., 1:22-cv-00414 (defendants' motion to dismiss granted, affirmed on appeal at C.A. No. 24-2520).

[2] Because this case was adjudicated at the motion to dismiss stage, we accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). We also

2

recommended dismissing the complaint without prejudice for failure to identify the proper defendants in accordance with Federal Rule of Civil Procedure 8. District Court Judge Jennifer P. Wilson overruled Wyatt's timely objections and adopted the R&R in its entirety.

Wyatt then filed an amended complaint in which he named several additional defendants in their official and individual capacities: Judges Carlson and Wilson, former and current Governors of Pennsylvania Tom Wolf and Josh Shapiro, then-Pennsylvania Attorney General Michelle Henry, Deputy Attorney General Jonathan Blake, and assistant counsel for the Pennsylvania DOC Kimberly Adams. The complaint seeks injunctive, declaratory, and monetary relief, as well as class action status. The case was reassigned to District Court Judge Malachy E. Mannion. Wyatt filed a motion for appointment of counsel, which the District Court denied. It then screened the amended complaint under 28 U.S.C. § 1915(e)(2)(B). It dismissed the § 1983 official-capacity claims for monetary damages against Adams, Blake, Wolf, Shapiro, and Henry without prejudice, dismissed as moot the § 1983 official-capacity claims for declaratory or injunctive relief against Adams and Wolf, denied the request for class action status with

---

construe Wyatt's filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

prejudice, and dismissed the remaining claims with prejudice. It also denied leave to amend. Wyatt timely appealed.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6. To survive dismissal, a complaint must set out "sufficient factual matter" to show that its claims are facially plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Prisoners have a constitutional right of meaningful access to the courts. See Lewis v. Casey, 518 U.S. 343, 351 (1996). To state a cognizable access-to-courts claim, a plaintiff must allege: (1) an "actual injury" (i.e., a lost opportunity to pursue a nonfrivolous claim challenging his sentence or conditions of confinement); and (2) that there is no other remedy, save the present civil rights suit, that can possibly compensate for the lost claim. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam).

Dismissal of Wyatt's amended complaint was appropriate because it fails to allege an actual injury. He complains that certain mail related to his other pending suits was sent to him by Blake and Adams as nonprivileged correspondence in violation of PA DOC

4

ADM 803—but even assuming Blake and Adams violated said policy,[3] Wyatt fails to point to any actual injury that resulted from the alleged violation. He states that he received a motion filed in Wyatt v. Hauser late because it was sent as nonprivileged correspondence, but also acknowledges that he requested and was granted an extension of time to respond.  He also complains that in Wyatt v. Mason, he did not receive Judge Carlson's R&R until after it was adopted by Judge Wilson. But in adopting the R&R, the District Court dismissed some claims with prejudice, others without, and provided leave to amend, which Wyatt did twice. He did move for reconsideration because of his delayed receipt of the R&R, but the District Court deemed the motion withdrawn after he filed his first amended complaint. His complaint thus lacks sufficient facts to plausibly allege that he lost an opportunity to pursue his claims, meritorious or otherwise.

Considering the foregoing, the District Court did not abuse its discretion or otherwise err in dismissing the complaint without leave to amend after determining that further amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

---

[3] As the District Court correctly pointed out, it does not appear that they did.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment, but will modify the dismissal to be with prejudice in its entirety.[4]

---

[4] Wyatt's pending motion to stay this appeal is denied.